IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ARTHELL HARRIS                                                    PETITIONER

VS.                        CASE NO. 2:12CV00106 SWW/HDY

T.C. OUTLAW,
WARDEN, FCI FORREST
CITY, ARKANSAS                                                    RESPONDENT

**ORDER**

The petitioner, in federal custody at FCI Forrest City, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Harris alleges that he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3621(e) as a result of his participation in the Residential Drug Abuse Program. He contends that the Bureau of Prisons wrongly ruled him ineligible for early release consideration due to a prior conviction for robbery and his conviction for possession of firearms. The respondent counters that the petition should be dismissed because the petitioner failed to properly exhaust his administrative remedies. In support of the motion to dismiss the respondent has submitted documents which indicate the petitioner filed an Administrative Remedy Request and one appeal but did not file a final appeal with the Office of General Counsel.

A prisoner is typically required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. *See United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). A prisoner aggrieved by an action of the BOP is required to exhaust his administrative

remedies by presenting his grievance to the BOP in accordance with the provisions of the administrative procedure codified at 28 C.F.R. § 542.10 through 542.19. Under the procedure, the prisoner first seeks informal resolution of his grievance with the prison staff. If informal resolution fails, the prisoner then pursues a three-step process within the prescribed time intervals. The prisoner formally appeals to the Warden, then to the Regional Director, and last to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. *See Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004).

In this instance, the petitioner will be allowed to respond to the allegation that he has failed to exhaust his available administrative remedies. The petitioner is directed to submit a response on or before August 14, 2012, addressing this issue. The failure to adequately exhaust administrative remedies may result in dismissal of the petition.

IT IS SO ORDERED this __16__ day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE